**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Marvin Bryan Black** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Amanda Michelle Black** |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** |
| Case number: | 19-60706 |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$639** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☒ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Marvin Bryan Black** | Case number |
|---|---|---|
| | **Amanda Michelle Black** | |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is **$23,004.00**.

**Part 3:  Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Suntrust Bk | $620.00 | 2008 Mazda RX-8 100,000 miles | $500.00 | $0.00 | $500.00 | 6.25% | $25.20 for 21 months and $15/mo. for 3 months for AP payments | $574.16 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

Debtor     **Marvin Bryan Black**     Case number
           **Amanda Michelle Black**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- ☒ The claims listed below were either:

    (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

    (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Advance America | 2003 Lexus RX 300 120,000 miles | $1,236.00 | 6.25% | $40.86 for 33 months<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $1,348.38 |
| County of Fluvanna | PPT 2016, 2017 & 2018. | $2,384.00 | 10.00% | $76.92<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $2,769.12 |

*Insert additional claims as needed.*

**3.4**     **Lien avoidance.**

*Check one.*
- ☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**     **Surrender of collateral.**

*Check one.*
- ☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1**     **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**     **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total **$2,300.40**.

**4.3**     **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00-see paragraph 8.1A**.

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- ☒ The debtor(s) estimate the total amount of other priority claims to be **$2,850.00 (IRS and VA. Dept. of Tax)**.

**4.5**     **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

| Debtor | **Marvin Bryan Black** | Case number |
| --- | --- | --- |
|  | **Amanda Michelle Black** |  |

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐    The sum of $          .
☒    __10.00__ % of the total amount of these claims, an estimated payment of $__8,411.94__ .
☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
☒    The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
| --- | --- | --- | --- | --- |
| North Texas Tollway Authority | TXTAG fines | $2,000.00 paid directly by the debtors and not by the Trustee | 0.00% | $2,000.00 paid directly by the debtors and not by the Trustee |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☒    **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
| --- | --- | --- | --- | --- | --- |
| Fluvanna Self Storage | Storage unit | $200.00<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) | $750.00 |  | $750.00 |

*Insert additional contracts or leases as needed.*

| Debtor | **Marvin Bryan Black** | Case number | |
|---|---|---|---|
| | **Amanda Michelle Black** | | |

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☒ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

A. **Attorney's Fees.** Attorney's Fees noted in Paragraph 4.3 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 3.1, 3.4, 4.4, 5.1, 5.2, 5.3, and 6.1 herein, except that attorney's fees shall be paid pro rata with any distribution to domestic support order claimants under paragraph 4.5. Debtor(s)' attorney will be paid $4,000.00 balance due of the total fee of $4,000.00 concurrently with or prior to the payments to remaining creditors. The $4,000.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
(i) $4,000.00: Fees to be approved, or already approved, by the Court at initial plan confirmation;
(ii) $_____: Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF #     : $     ; ECF #     : $     ] ;
(iii) $_____: Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.
B. **Deficiency Claims for Surrendered Property.** Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.5 of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as established by any order granting relief from the automatic say with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.
C. **Treatment of Claims.** All creditors must timely file a proof of claim to receive payment from the Trustee. If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge. If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan. The Trustee may adjust the monthly disbursement as needed to pay an allowed secured claim in full.
D. **Student Loans provided for under Paragraph 5.** Attn: Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loans: The Debtors are not seeking nor does this Plan provide for any discharge, in whole or in part of their student loan obligations. The Debtors shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), including but not limited to the Public Service Loan Forgiveness program, without disqualification due to the bankruptcy. Any direct payments made from the Debtors to Ed since the filing of the petition shall be applied to any IDR plan in which the Debtors was enrolled pre-petition, including but not limited to the Public Service Loan Forgiveness program. Ed shall not be required to allow enrollment in any IDR unless the Debtors otherwise qualify for such plan. During the pendency of any application by the Debtors to consolidate their student loans, to enroll in an IDR, direct payment of their student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtors normal monthly statements regarding payments due and other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.

| Debtor | **Marvin Bryan Black** | Case number | |
|---|---|---|---|
| | **Amanda Michelle Black** | | |

## Part 9: Signature(s):

### 9.1    Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X _____            X _____
**Marvin Bryan Black**                                          **Amanda Michelle Black**
Signature of Debtor 1                                           Signature of Debtor 2

Executed on    **March 27, 2019**                    Executed on    **March 27, 2019**

X _____            Date    **March 27, 2019**
**Marshall M. Slayton VSB#37362**
Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

| Debtor | **Marvin Bryan Black** | Case number | |
| | **Amanda Michelle Black** | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $574.16 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $4,117.50 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $9,150.40 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $8,411.94 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $750.00 |
| j. | Nonstandard payments *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | **$23,004.00** |